# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JURADO,<br><br>　　　　Petitioner,<br><br>vs.<br><br><br><br>ROBERT K. WONG, Acting Warden of San Quentin State Prison,<br><br>　　　　Respondent. | CASE NO. 08cv1400 JLS (JMA)<br><br>*DEATH PENALTY CASE*<br><br>**ORDER:**<br><br>**(1) GRANTING PETITIONER'S MOTION FOR EQUITABLE TOLLING;**<br><br>**(2) GRANTING REQUEST FOR PERMISSION TO FILE A FIRST AMENDED PETITION;**<br><br>**(3) TOLLING THE DEADLINE FOR FILING THE FIRST AMENDED PETITION TO FEBRUARY 23, 2010; AND**<br><br>**(4) DENYING PETITIONER'S REQUEST FOR AN ORDER PROHIBITING RESPONDENT FROM FILING A RESPONSIVE PLEADING** |

On July 17, 2009, Petitioner filed a Motion for Equitable Tolling of the Statute of Limitations, Permission to File a First Amended Petition, and Request for an Order Prohibiting Respondent from Filing a Responsive Pleading to the Protective Petition for Writ of Habeas Corpus. In this Motion, Petitioner asks the Court to toll the statute of limitations for the period between his request for federal

habeas counsel and the appointment of counsel. Therefore, Petitioner seeks to extend the deadline for filing his federal habeas petition from July 23, 2009, to June 15, 2010. Respondent has filed an Opposition, and Petitioner has filed a Reply. The Court heard from the parties at oral argument held on October 8, 2009. For the following reasons, the Court **GRANTS** Petitioner's Motion for Equitable Tolling and for Permission to File a First Amended Petition, **TOLLS** the deadline for filing the First Amended Petition to **February 23, 2010**, and **DENIES** Petitioner's Request for an Order Prohibiting Respondent from Filing a Responsive Pleading to the Protective Petition.

## I. PROCEDURAL HISTORY

By an Amended Information filed on October 11, 1991, Petitioner Robert Jurado and co-defendants Denise Shigemura and Anna Humiston were charged with first-degree murder and conspiracy to commit murder in the death of Teresa Holloway. Petitioner was tried separately from his co-defendants.

Petitioner was convicted on May 23, 1994, of one count of first-degree murder (California Penal Code § 187), and one count of conspiracy to commit murder (Cal. Penal Code §§ 182, 187). The jury found that Petitioner used a deadly and dangerous weapon to commit the murder (Cal. Penal Code § 12022(b)). The jury also found true the special circumstance allegation that the murder was committed while lying in wait (Cal. Penal Code § 190.2(a)(15)). On June 14, 1994, the jury returned a sentence of death. On October 7, 1994, the trial court denied Petitioner's motions for a new trial, to set aside the special circumstance finding, and for modification of the verdicts, and sentenced him to death.

On automatic appeal (hereinafter "direct appeal") of this conviction and judgment to the California Supreme Court, Petitioner filed an opening brief on July 9, 2003, raising twenty-six (26) claims for relief. Petitioner also filed a reply brief on February 15, 2005. The California Supreme Court affirmed Petitioner's conviction and sentence in a decision issued on April 6, 2006. People v. Jurado, 38 Cal. 4th 72 (2006). On October 10, 2006, the Supreme Court of the United States denied his petition for a writ of certiorari.

///

///

On August 11, 2005, while his direct appeal was pending, Petitioner filed a habeas petition with the California Supreme Court, raising thirty-two (32) claims for relief. Petitioner also filed a reply brief on July 9, 2007. The petition was denied on July 23, 2008, without an evidentiary hearing.

On July 31, 2008, Petitioner filed motions for the appointment of counsel and for a stay of execution with this Court. On August 6, 2008, the Court granted Petitioner's motions and referred the matter to the Selection Board for the suggestion of one or more attorneys to represent Petitioner on federal habeas review. On September 12, 2008, October 28, 2008, December 1, 2008, and February 27, 2009, the Court granted extensions of the stay of execution to allow the Selection Board additional time to locate and recommend counsel for appointment.

The Selection Board sent a letter to the Court on February 3, 2009, recommending the appointment of Mr. Lathrop and Mr. Boyce. On February 25, 2009, the Court held a pre-appointment conference with prospective counsel and representatives from the Attorney General's office. At this conference, Mr. Boyce and Mr. Lathrop advised the Court that they could not accept appointment before May or June 2009, as Mr. Boyce had recently been diagnosed with cancer, and needed to undergo surgery. Mr. Boyce and Mr. Lathrop also advised the Court that they were unwilling to accept appointment without a stipulation from the Attorney General as to a timely filing date for the petition. The Attorney General declined to enter into a stipulation. Considering these issues, the Court did not appoint prospective counsel to the case at that time, and continued the pre-appointment conference to June 2009.

In the interim, the Court contacted the Selection Board to attempt to locate alternative counsel, which was unsuccessful. The Court held a second pre-appointment conference on June 11, 2009, at which time Mr. Boyce and Mr. Lathrop stated they were able to accept appointment at that time if the Attorney General would stipulate to equitable tolling. The Attorney General declined to enter into a stipulation on tolling, and the Court did not appoint counsel to the case. The Selection Board sent another letter to the Court on June 19, 2009, recommending Mr. Boyce and Mr. Lathrop for appointment. On June 23, 2009, after holding an *ex parte* pre-appointment budgeting conference, the Court appointed Mr. Boyce and Mr. Lathrop as counsel.

///

1  On July 17, 2009 Petitioner filed the instant Motion for equitable tolling , and on July 18,
2  2009, Petitioner filed a Protective Petition for a Writ of Habeas Corpus.

## II. LEGAL STANDARD

4  Under 28 U.S.C. § 2241(d)(1), as added by the Anti-Terrorism and Effective Death Penalty
5  Act of 1996 ("AEDPA"), a state court prisoner has one-year to seek federal habeas corpus relief from
6  a state court judgment. In most cases, this time period runs from "the date on which the judgment
7  became final by the conclusion of direct review or the expiration of the time for seeking such review."
8  28 U.S.C. § 2244 (d)(1)(A). However, the AEDPA allows that "[t]he time during which a properly
9  filed application for State post-conviction or other collateral review with respect to the pertinent
10 judgment or claim is pending shall not be counted towards any period of limitation under this
11 subsection." 28 U.S.C. § 2254(d)(2).

12 The Supreme Court has never explicitly determined whether AEDPA allows for equitable
13 tolling. Lawrence v. Florida, 549 U.S. 327 (2007). However, the Ninth Circuit has firmly held that
14 AEDPA's one year statute of limitations is non-jurisdictional, and therefore subject to equitable
15 tolling. See Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997),
16 overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530,
17 540 (9th Cir. 1998) (en banc), abrogated on other grounds by Woodford v. Garceau, 538 U.S. 212
18 (2003); see also Pace v. DiGuglielmo, 544 U.S. 408, 418 n. 8 (2005) (in which the Supreme Court
19 assumed, without deciding, that the statute of limitations set forth under AEDPA could be equitably
20 tolled).

21 In Pace, the Supreme Court held that if a court were to grant equitable tolling to a habeas
22 petitioner, it must be satisfied that the petitioner "has been pursuing his rights diligently," and that
23 "some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418. The Ninth Circuit has
24 held that equitable tolling is "unavailable in most cases." Miles v. Prunty, 187 F.3d 1104, 1107 (9th
25 Cir. 1999). This is because a habeas petitioner is required to meet a high threshold to warrant
26 equitable tolling. See Miranda v. Castro, 292 F.3d 1063 (9th Cir. 2002) ("[T]he threshold necessary
27 to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.")
28 (citation omitted). Moreover, a court's decision on whether to apply the equitable tolling doctrine "is

1  'highly fact-dependent,' and [the petitioner] 'bears the burden of showing that equitable tolling is
2  appropriate.'" Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005) (internal
3  citations omitted).

4  The Ninth Circuit has found equitable tolling available in a number of different situations. In
5  Beeler, a capital habeas corpus case, the Ninth Circuit held that the statute was equitably tolled when
6  the petitioner's lead attorney moved out of the state, which was outside the control of the petitioner,
7  and made it impossible for the replacement attorney to file a petition within the statutory limits.[1] See
8  Beeler, 128 F.3d at 1288. In Kelly, another capital habeas case, the Ninth Circuit held that a habeas
9  petitioner's mental incompetency constituted an "extraordinary circumstance beyond the prisoner's
10 control" because the petitioner was unable to assist counsel in preparing his habeas petition. See
11 Kelly, 163 F.3d 530.

## III. DISCUSSION

13 Petitioner contends that he is entitled to 327 days of equitable tolling, based primarily on his
14 assertion that counsel was not able to begin the preparation of a federal petition in his case until their
15 appointment, which came almost 11 months after Petitioner's request for federal habeas counsel. In
16 opposition to Petitioner's motion, Respondent argues that recent Supreme Court decisions compel a
17 conclusion that equitable tolling is not available under section 2244, and even if equitable tolling were
18 available, Petitioner is not entitled to it in this case.

19 Respondent asserts that several Supreme Court decisions have effectively overruled the Ninth
20 Circuit's decision in Beeler, dictate that a statute may not be equitably tolled when a statute itself
21 already effectively allowed for equitable tolling by including a generous limitations period, and
22 demonstrate that Congress did not intend AEDPA to allow additional judicial bases for equitable
23 tolling. (Opp. at 4-5.) See United States v. Beggerly, 524 U.S. 38 (1998) (in which the Supreme
24 Court held that the Quiet Title Act was not subject to equitable tolling); see also United States v.
25 Brockamp, 519 U.S. 347 (1997) (in которых the Supreme Court held that equitable tolling did not apply

---

[1] In Frye v. Hickman, the Ninth Circuit distinguished capital cases from non-capital cases, explaining
28 that in capital habeas cases, an indigent petitioner has a statutory right to counsel, and therefore the "dereliction
of his appointed counsel made it impossible for the petitioner to file the petition he was statutorily entitled to
file." Frye, 273 F.3d 1144, 1146 (9th Cir. 2001).

to limitation period set forth in section 6511 of the Internal Revenue Service Code.) These decisions, while superficially analogous to the habeas limitations period at issue in Beeler, do not compel a conclusion that equitable tolling is unavailable in habeas cases. In Beeler, the Ninth Circuit addressed the Brockamp decision, holding that unlike the intricate tax provision at issue in that case, which did not readily lend itself to a reading that it contained unarticulated exceptions, "AEDPA's one-year limit is neither detailed nor technical; it reads like an everyday, run-of-the-mill statute of limitations." Beeler, 128 F.3d at 1288 n.4. Other circuit courts that have addressed this issue have reached a similar conclusion. See Harris v. Hutchison, 209 F.3d 325, 329 (4th Cir. 2000) (finding that 2244(d) is subject to equitable tolling, stating that the "statutes at issue in Beggerly and Brockamp, however, served policy interests that would be adversely affected if the statutory limitations provisions were not strictly adhered to, a factor that is not present here, where the policy of the statute was to curb the abuse of the writ of habeas corpus, while preserving its availability."); see also Neverson v. Farqharson, 366 F.3d 32, 41 (1st Cir. 2004) (collecting cases).

Moreover, in Pace v. DiGuglielmo, 544 U.S. 408 (2005), issued seven years after both Beggerly and Brockamp, the Supreme Court acknowledged that it had "never squarely addressed the question whether equitable tolling is applicable to the AEDPA statute of limitations." Pace, 544 U.S. at 418 n.8; see also Lawrence, 549 U.S. at 336 ("We have not decided whether § 2244(d) allows for equitable tolling.") Nevertheless, Respondent insists that in Boumediene v. Bush, ___ U.S. ___, 128 S.Ct. 2229 (2008), the Supreme Court "commands that it is contrary to Congress' intent to allow ad hoc judicial tolling" of AEDPA. (Resp. Opp. at 9.) In Boumediene, the Supreme Court addressed whether two congressional acts, the Military Commissions Act ("MCA") and the Detainee Treatment Act ("DTA"), constituted an adequate substitute for habeas corpus. In analyzing the intent behind those statutes, the Supreme Court compared the MCA and DTA to two earlier cases concerning substitutes for habeas corpus, and stated:

> If Congress had envisioned DTA review as coextensive with traditional habeas corpus, it would not have drafted the statute in this manner. Instead, it would have used language similar to what it used in the statutes at issue in Hayman and Swain. Cf. Russello v. United States, 464 U.S. 16, 23, 104 S.Ct 296, 78 L.Ed.2d 17 (1983) ("'[W]here Congress includes particular language in one section of the statute but omits it in another section of the same Act, it is generally presumed that Congress acts

intentionally and purposely in the disparate inclusion or exclusion'" (quoting United States v. Wong Kim Bo, 472 F.2d 720, 722 (C.A.5 1972))).

Boumediene, 128 S.Ct at 2265.

Respondent advances a vigorous argument that Boumediene's rule of statutory construction effectively overrules the Ninth Circuit's decision in Beeler because it compels a conclusion that congressional omission of provisions for equitable tolling was intentional. However, the fact remains that the Boumediene decision does not contain *any* discussion on the availability of equitable tolling under AEDPA, and therefore does not overturn the Ninth Circuit's decision to apply equitable tolling in federal habeas cases. Moreover, the Ninth Circuit has reaffirmed its application of equitable tolling to habeas matters several times since the issuance of Boumediene. See e.g., Townsend v. Knowles, 562 F.3d 1200, 1205 (9th Cir. 2009); Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009). In the absence of any Supreme Court decision conclusively overruling Beeler, this Court is constrained to apply clearly articulated Ninth Circuit precedent. The Court therefore concludes that equitable tolling is available under AEDPA.

While the Court concludes that equitable tolling is available under section 2244(d)(1), the question remains whether it is an appropriate measure in this particular case. The Supreme Court held that if a court were to grant equitable tolling to a habeas petitioner, it must be satisfied that the petitioner "has been pursuing his rights diligently," and that "some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418.

The record demonstrates that Petitioner, through no fault of his own, was without counsel to assist him in preparing his federal habeas petition for nearly eleven (11) months after his request for appointment of counsel, which undoubtedly hindered his ability to file a prompt habeas petition. Petitioner filed a motion for the appointment of counsel eight (8) days after the denial of his state habeas petition, and shortly thereafter, the Court granted Petitioner's motion, referring the matter to the district's selection board for the recommendation of counsel. As recounted in section I, *supra*, counsel was appointed to Petitioner's case 327 days after his request was made.

Other district courts in California have considered this issue, and several have held that a lengthy delay in appointing qualified counsel to a capital habeas case which is completely beyond the

control of a petitioner, constitutes the "extraordinary circumstances" required to qualify for equitable tolling of the AEDPA period of limitations. See e.g., San Nicolas v. Ayers, No. 1:06-cv-00942-LJO, 2007 WL 763221, at *6 (E.D.Cal. March 9, 2007) (equitable tolling granted due to a 188 day delay in appointing counsel, which made "the filing of a comprehensive habeas petition within the limitations period impossible"); Fairbank v. Woodford, No. 98-1027 CRB (N.D.Cal. Sept. 28, 1999) (order granting equitable tolling) (equitable tolling available where federal habeas counsel was appointed 20 days before the one-year deadline); but see Dennis v. Woodford, 65 F.Supp.2d 1093 (N.D.Cal. 1999) (denying petitioner's motion for equitable tolling without prejudice and holding that a seven-month delay in the appointment of counsel did not, standing alone, warrant equitable tolling in the absence of a specific factual showing that newly appointed counsel was unable to prepare a timely federal petition in the time remaining).[2] In addition, the Southern District has previously granted equitable tolling in a capital habeas case based largely on delays in the appointment of federal habeas counsel. See Samayoa v. Hickman, No. 00-cv-02118 W-AJB (S.D. Cal. October 5, 2001) (order granting equitable tolling) (equitable tolling available in part on the court's inability to appoint counsel until four months after commencement of habeas proceeding, where the court stated that the impact of the court's own delay "is magnified by the case's complicated legal nature; counsel's assistance is crucial in capital cases, particularly in the preparation of a thorough and well researched habeas petition.")

Moreover, it is well established that a capital habeas petitioner is statutorily entitled to the appointment of one or more attorneys to assist him in the development and preparation of his federal habeas petition. See Kelly, 163 F.3d at 541; see also McFarland v. Scott, 512 U.S. 849, 859 (1994) (in which the Supreme Court held that in establishing 21 U.S.C. § 848(q), which "provid[ed] indigent capital defendants with a mandatory right to qualified legal counsel in these [habeas] proceedings, Congress has recognized that federal habeas corpus has a particularly important role to play in

---

[2] The above-cited opinion was issued on September 16, 1999. On November 8, 1999, the Court granted the petitioner's motion for equitable tolling, based on counsel's "more thorough estimation as to the how much time he would need to research and file an adequate habeas petition." Dennis v. Woodford, No. 98-21027-JF at *1 (N.D.Cal. Nov. 8, 1999) (order granting motion for equitable tolling).

promoting fundamental fairness in the imposition of the death penalty."); see also 18 U.S.C. § 3599.[3] In McFarland, the Supreme Court also stated that "the right to counsel necessarily includes a right for that counsel meaningfully to research and present a defendant's habeas claims." McFarland, 512 U.S. at 858. Thus, exceptional circumstances exist in this case arising from the 327 day delay in appointing counsel.

The Court also finds that Petitioner has been diligent in pursuing his rights in this case. Petitioner requested the appointment of counsel on July 31, 2008, only eight days after his state habeas petition was denied. Additionally, since their appointment to the case, counsel has proceeded in a expeditious and diligent manner. Counsel filed a protective petition with this Court less than four weeks after their appointment to the case, containing many of the claims raised on direct appeal and state habeas review, as well as a number of unexhausted claims which were being developed. (See Doc. No. 42.) Respondent asserts that because Petitioner was able to file a protective petition within the AEDPA limitations period, the Court should preclude equitable tolling "for the *possibility of filing an amended petition* with more claims," which Respondent argues is contrary to congressional intent. (Opp. at 13.) (emphasis in original). Petitioner maintains that he "should not be penalized because his newly appointed counsel took steps to preserve federal review" of his claims by filing a protective petition. (Reply at 9.) Petitioner states that the protective petition was filed before counsel had a chance to thoroughly review the record or engage in any investigation, and argues that substantial work remains to be done before counsel can prepare and file a comprehensive petition. The Court is persuaded that counsel should be afforded the opportunity to develop his federal claims, and the delay in the appointment of federal counsel, which was entirely beyond the control of Petitioner, severely obstructed his ability to file a complete federal habeas petition within the AEDPA limitations period. Therefore, the Court finds that equitable tolling is warranted in this case.

---

[3] 18 U.S.C. § 3599 (which in 2005 recodified 21 U.S.C. § 848(q)) reads, in part, as follows:
    (2)    In any post-conviction proceeding under section 2254 or 2255 of title 28, United States Code, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with subsections (b) through (f).

In reaching this conclusion, the Court has also considered whether extending the limitations period would result in prejudice to Respondent. Respondent makes no argument that he failed to receive notice of Petitioner's intention to seek federal habeas relief, or that his ability to defend the case has been prejudiced. Respondent merely asserts that the "limitations upon habeas rest with a recognition of the State's interest in finality and the need to prevent federal habeas from impairing the State's ability to enforce its criminal law." (Opp. at 11.) However, the Court notes that the California Attorney General's Office has previously stipulated to equitable tolling in several cases in this district where there was a delay in the appointment of federal counsel, which they presumably would have refused to do had it resulted in prejudice to the State. See Ayala v. Wong, 01-cv-00741-BTM-AJB (S.D. Cal. January 17, 2002), Michaels v. Ornoski, 04-cv-00122-JAH-WMC (S.D. Cal. September 15, 2004), Box v. Ornoski, 04-cv-00619-DMS-RBB (S.D. Cal. November 22, 2004). The Court concludes that Respondent will not be prejudiced by equitably tolling the statute of limitations in this case.

In considering the length of the tolling period to be granted, the Court acknowledges that document and file review alone require a significant investment of time. In Petitioner's July 17, 2009 motion for equitable tolling, he states that "[w]ork remaining to be done includes reviewing over 12,000 pages of record on the state appeal and habeas corpus proceedings, over 54,000 pages of trial, appellate and state habeas corpus files, over 14 megabytes of habeas counsel's electronic files, and approximately 12 hours of videotapes." (Pet. Mot. at 8.) Counsel also states that "following review of this extensive documentation, counsel must then conduct investigation, consult with experts, and develop and research all potentially meritorious claims." (Id.) Mr. Boyce adds that "[b]ased solely on a very limited review of the record in preparing the protective petition, counsel have identified six unexhausted claims," and only "[a]fter reviewing the records and files, counsel will begin the investigation and interviewing process. The identification and retention of mental health and other experts and social history specialists will follow once counsel have conducted an investigation of the facts upon which the experts will be asked to form their opinions." (Doc. No. 40-3.)

At oral argument on October 8, 2009, Petitioner stated that they were currently completing the review of the core record in the case. Counsel anticipated finishing the inventory of 36 boxes of trial

and appellate counsels' files, plus an additional 11 boxes of additional files, within the next 45 days, and thereafter filing a motion for supplemental funding. Counsel also estimated that it would take 45 additional days to review necessary portions of the non-core record before they could determine what, if any, investigation was needed before drafting the petition.

Respondent, at oral argument, reaffirmed their objection to any grant of equitable tolling. Respondent noted that in this case Petitioner has filed a protective petition and is therefore not in danger of losing the opportunity to have his case heard on federal habeas review, unlike in Beeler, where, had the court denied equitable tolling, the petitioner would have lost any opportunity for federal habeas review. Respondent argued that the Beeler Court granted approximately six months of equitable tolling in the absence of any protective petition, while in the instant case Petitioner requests nearly eleven months of equitable tolling and there is a protective petition currently on file. The Court is cognizant of the fact that counsel of record was appointed in June 2009, and has been diligently at work on Petitioner's case for the last four months.

Taking all briefing and arguments into consideration, the Court remains unpersuaded that 327 days of equitable tolling is warranted in this case. If the Court were to grant Petitioner's request in full, Petitioner would have an entire year *after the appointment of counsel* in order to prepare his comprehensive federal petition. The Court is unconvinced that such a lengthy grant of tolling comports with congressional intent in enacting AEDPA or the Ninth Circuit's intent in approving equitable tolling under Beeler. However, based on counsel's estimates and the arguments presented by both parties, the Court will grant eight months of equitable tolling in this case. Counsel has stated that they are completing review of the record and are working to identify other avenues that are in need of further review and investigation prior to drafting the comprehensive petition. Therefore, in addition to the four months that counsel have been at work on this case since their appointment, the Court finds that an additional four months is a reasonable amount of time to allow counsel to complete their review, engage in investigation, and file the habeas petition.[4]

---

[4] Additionally, as Respondent stated at oral arguments, if at a later date Petitioner discovers new claims that could not have been raised earlier, AEDPA contains provisions for such an occurrence. See 28 U.S.C. § 2244(d)(1)(D).

Petitioner also moves for the Court to issue an Order prohibiting Respondent from filing a responsive pleading to the protective petition, but fails to offer any legal authority in support of this request. (See Doc. No. 40 at 2.) While the Court finds no legal grounds to preclude the Respondent from filing an answer or responsive pleading, there is nothing on file that is able to be litigated at this time. The protective petition is, as Petitioner readily admits, partially unexhausted, and it is therefore unripe for litigation. See San Nicolas v. Ayers, 2007 WL 2391077, at *5 (E.D. Cal. August 22, 2007) (district court found no legal basis to prevent the warden from proceeding with litigation on a partially unexhausted protective petition, but held there was "nothing currently in controversy" because the protective petition was "not ready to be litigated.") Accordingly, the Court does not expect further briefing from Respondent until after Petitioner files the First Amended Petition on or before the expiration of the equitably tolled limitations period on February 23, 2010.

### IV. CONCLUSION

For the reasons discussed above, Petitioner's Motion for Equitable Tolling is **GRANTED**. Accordingly, the First Amended Petition for Writ of Habeas Corpus is due on or before **Tuesday, February 23, 2010**. Petitioner's Motion for an Order Prohibiting Respondent from Filing a Responsive Pleading in the interim is **DENIED**.

After the First Amended Petition is filed, the Court **ORDERS** the parties to confer and attempt to reach an agreement on which claims are unexhausted, and to discuss how to proceed in this matter. After conferring, the parties are ordered to file a Joint Statement on or before **Tuesday, April 6, 2010**, outlining the points of agreement, if any, and listing the issues that remain in contention. If necessary, the Court shall order briefing and/or oral argument to resolve any outstanding issues.

**IT IS SO ORDERED.**

DATED: October 14, 2009

Honorable Janis L. Sammartino
United States District Judge